(May 28, 1964)

■ ELIZABETH W. MORRIS, Respondent, v. ERNEST B. MORRIS et al., Appellants.— Appeal from an order of the Supreme Court at Special Term which denied defendants' motions to modify and limit the scope and subjects of their respective examinations before trial, as specified in plaintiff's notices thereof. The examinations sought are in some respects more extensive and burdensome than the present necessities of the litigation require and the order appealed from is therefore modified, on the law and the facts (1) so as to dispense with the production of original papers used upon the prior proceedings in the action, without prejudice to a later application, upon good cause shown, to require the production of specific documents; (2) so as to limit any examination concerning the financial circumstances of defendant Ernest B. Morris to the nature and extent of his assets, his debts and liabilities and his income, each during the period from February 1, 1961 to August 2, 1961; and (3) so as to direct that such examination be conducted before Honorable ROGER W. DANIELS, as a Justice of the Supreme Court, commencing on the 15th day of June, 1964, at 10:00 A.M., at the County Court House in the City of Albany; and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

## FOURTH DEPARTMENT, MAY, 1964

### (May 14, 1964)

■ In the Matter of the Estate of MARY POLUBATKO, Deceased. WOLF, POPPER, ROSS, WOLF & JONES et al., Respondents; ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.— Decree unanimously reversed on the law and facts and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum, without costs of this appeal to any party. Memorandum: At the hearing before the Surrogate in November, 1961 the Assistant Attorney-General objected to the payment of the fund on deposit with appellant and in substance raised the issue that the distributees residing in Latvia "would not have the benefit or use or control of the money" (Surrogate's Ct. Act, § 269-a) if it should be paid to them. The Surrogate without ruling on the objection or passing on the issue summarily directed payment to respondents, as attorneys in fact for the Latvia distributees. While the affidavit of one of these distributees contains the bald statement that they will have full control of the funds this is partially negated by a further statement from which it might be inferred that their foreign attorneys (Law Firm Iniurcolleguia) would exercise some domination and control over the moneys. In any event there should have been a trial of the issue and a determination made as provided in section 269-a of Surrogate's Court Act. Upon such hearing a further decision should be made as to the validity of the powers of attorney. Appellant alleges certain defects appearing on the face of the instruments. These claims should be passed upon by the Surrogate. (Personal Property Law, § 32-a.) Lastly, the validity of the powers of attorney should be determined in the light of *Matter of Luberg* (19 A D 2d 370) and other applicable decisions. (Appeal by Comptroller from decree of Monroe Surrogate's Court directing him to pay certain distributive shares to people residing in Latvia.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.